UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.A.A.V., *by next friend and mother* Maria Blanca Vimos River,<br><br>Petitioner,<br><br>-against-<br><br>Lorraine M. Sánchez, EMBA, President & CEO, Cayuga Centers –NYC Program, Facility Custodian in her official capacity as custodian of the children; Angie Salazar, Director of Refugee Resettlement (ORR) Robert F. Kennedy, Jr. U.S. Department of Health and Human Services (HHS),<br><br>Respondents. | 26-CV-2299 (VSB)<br><br>**ORDER TO SHOW CAUSE** |

VERNON S. BRODERICK, United States District Judge:

I am in receipt of J.A.A.V.'s[1] ("Petitioner") petition for a writ of habeas corpus under 28 U.S.C. § 2241, which was filed on March 20, 2026 at 3:31 A.M. EDT, through Petitioner's mother and next friend, Maria Blanca Vimos River.[2] (Doc. 1 ("Petition" or "Pet.").) Petitioner's counsel states that Petitioner is currently detained at Cayuga Centers – NYC Program, 1916 Park Avenue, Suite 407, New York, NY 10037. (*Id.* ¶ 1.) Upon consideration of the Petition, it is hereby ORDERED that:

[1] Pursuant to Federal Rule of Civil Procedure 5.2, minors should be referred to only by their initials. Fed. R. Civ. P. 5.2(a)(3). The parties are directed to refer to J.A.A.V. in public filings only by his initials. The Clerk of Court is directed to amend the caption accordingly.

[2] A petition for a writ of habeas corpus may be brought either "by the person for whose relief it is intended or by someone acting in his [or her] behalf." 28 U.S.C. § 2242. "Although a significant relationship with the real party in interest is relevant to the appointment of a next friend, it is neither required nor dispositive." *Doe v. Hochul*, 139 F.4th 165, 178 (2d Cir. 2025). A next friend may be the petitioner's family member.

1. To preserve the Court's jurisdiction pending a ruling on the petition, Petitioner shall not be removed from the United States unless and until the Court orders otherwise.[3]

2. Petitioner shall not be transferred except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this court in light of Petitioner's interest in participating in further proceedings before this Court and maintaining adequate access to legal counsel through these proceedings.[4]

3. By **Tuesday, March 24, 2026**, Respondents shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted.

4. Petitioner shall have the opportunity to file a reply by **Friday, March 27, 2026**.

5. The parties shall also attend an initial telephonic case conference on **Friday, March 27, 2026 at 3:00 p.m. EST**. The dial-in number is 1-855-244-8681 and the access code is 2309 3085 835. There is no attendee ID.

6. By **March 20, 2026**, Petitioner's counsel is directed to serve Respondents with a copy of the Habeas Petition and accompanying papers, along with a copy of this Order and promptly file proof of such service on the docket. In the meantime, the Habeas Petition and this Order will be emailed to the Civil Division of the U.S. Attorney's Office for the Southern District of New York at the following email address: Jeffrey.Oestericher@usdoj.gov.

SO ORDERED.

Dated: March 20, 2026
New York, New York

Vernon S. Broderick
United States District Judge

[3] *See, e.g.*, *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction." (internal quotation marks omitted)); *Garcia-Izquierdo v. Gartner*, No. 04-CV-7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25-CV-1935 (S.D.N.Y. Mar. 10, 2025) (Doc. 9) (barring the government from removing petitioner from the United States until the Court could address his claim); *Kuprashvili v. Flanagan*, No. 25-CV-5268, 2025 WL 2382059, at *1 (S.D.N.Y. June 30, 2025) (collecting cases staying removal to preserve the court's jurisdiction).

[4] *See Samb v. Joyce*, No. 25-CV-6373 (S.D.N.Y. Aug. 4, 2025) (Doc. 3) (collecting cases in support of enjoining transfer of petitioner outside of New York City area).