The Government shall file a response to Petitioner's letter, (Doc. 13), by Thursday, April 2, 2026. Petitioner shall have an opportunity to file a reply, if he wishes, by Monday, April 6, 2026.

SO ORDERED:

Vernon Broderick

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE 3/30/2026

**VIA ECF**

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York

Re: *J.A.A.V. v. Vimos Atupana v. Sanchez et al.,* 1:26-cv-02299 (VSB)

Dear Judge Broderick:

Petitioner's next friend and mother, Maria Blanca Vimos Rivera, respectfully thanks the Court for its attention to this matter, which resulted in the expedited release of Petitioner, J.A.A.V, after a separation of more than four months from her twelve-year-old son.

Although ORR has now approved Ms. Vimos Rivera's sponsorship application and released Petitioner into her custody, Petitioner respectfully submits that this action should not be dismissed as moot.

As set forth in the Petition and supporting submissions, Respondents lacked statutory authority to detain Petitioner because he was not an "unaccompanied alien child" within the meaning of 6 U.S.C. § 279(g)(2). ORR's authority extends only to such children. A child is not "unaccompanied" where a parent in the United States is available to provide care and physical custody.

Here, Petitioner's mother was present in the United States, was identified and vetted, and completed the reunification process. Nevertheless, Petitioner—a twelve-year-old child—was denied reunification for months while in ORR custody. ORR thus lacked statutory authority to continue detaining Petitioner and subjected him to severe and unnecessary emotional harm. ORR further required DNA testing despite the existence of sufficient evidence of parentage, prolonging the separation without legal justification.

Respondents contend that this case is moot based on Petitioner's release and cite cases involving adult immigration detainees. Those authorities do not control here because this case falls within well-established exceptions to mootness.

First, this case is capable of repetition, yet evading review. The challenged conduct—ORR's detention of very young children despite the presence of a parent in the United States—is inherently of limited duration and frequently ends before judicial review can be completed. At the same time, undersigned counsel is aware of multiple similar cases in which ORR has delayed reunification under comparable circumstances. The Second Circuit has recognized that this exception applies where the challenged action is too short in duration to be fully litigated and there is a reasonable expectation that the same complaining party—or others similarly situated—will be subject to the same action. *See Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001). Absent judicial review, these claims will consistently evade resolution.

Second, the government's voluntary release of Petitioner does not moot this case. Under the voluntary cessation doctrine, "a defendant's voluntary cessation of challenged conduct does not ordinarily render a case moot unless it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016). Here, Respondents have not disavowed the challenged conduct, nor have they identified any policy changes that would prevent similar prolonged separations in the future. Respondents should not be permitted to avoid judicial review by releasing a child only after months of detention and only after litigation has been initiated.

Third, the cases cited by Respondents—including *Pierrilus v. U.S. Immigration & Customs Enforcement*, 293 F. App'x 78 (2d Cir. 2008)—involve routine detention challenges brought by adult petitioners and do not address the statutory limits on ORR's authority over children who are not "unaccompanied," nor the unique and urgent harms arising from prolonged family separation of a toddler. Those cases therefore do not resolve the issues presented here.

Finally, Petitioner's request for attorney's fees and other relief further supports the Court's continued jurisdiction over this matter.

For these reasons, Petitioner respectfully requests that the Court decline to dismiss this action as moot and instead issue a ruling on the merits of the Petition.

Respectfully submitted,

Dated: March 30, 2026
Queens, New York

/s/ Reuben S. Kerben, Esq.
Kerben Law Firm, P.C.
8002 Kew Gardens Road, Suite 307
Kew Gardens, NY 11415
Tel: 718-255-8585

/s/ Avi Silberberg, Esq.

*Counselors for Petitioner*